IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWERTEQ, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ASHRAF MOTON,<br><br>　　　　Defendant. | Case No. 15-cv-02626-MMC<br><br>**ORDER RE: DEFERRED PORTION OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER; TRANSFERRING ACTION TO NORTHERN DISTRICT OF TEXAS; VACATING HEARING**<br><br>Re: Dkt. No. 25 |

Before the Court is the deferred portion of defendant Ashraf Moton's ("Moton") motion to dismiss or transfer, filed November 23, 2015. By order filed January 7, 2016, the Court deferred ruling to the extent the motion sought dismissal or transfer to the Northern District of Texas on grounds of improper venue and dismissal for lack of personal jurisdiction.[1] In so doing, the Court found Moton had submitted sufficient evidence that, if uncontroverted, was sufficient to show venue is improper in this District and that the Court lacks personal jurisdiction over him. Additionally, at plaintiff Powerteq, LLC's ("Powerteq") request, the Court afforded Powerteq leave to conduct discovery and to file supplemental opposition no later than April 15, 2016. To date, Powerteq has not filed such supplemental opposition.[2]

Accordingly, as (1) Powerteq's principal place of business is located in Texas (see Compl. ¶ 3), (2) Moton resides in the Northern District of Texas (see Moton Aff. ¶ 2;

---

[1] The Court denied the motion without prejudice to the extent the motion sought transfer to the Northern District of Texas for the convenience of the parties and witnesses.

[2] In light of the above, the May 13, 2016, hearing is hereby VACATED.

Def.'s Mot. ¶ 2), and (3) the sales challenged by Powerteq were made in Dallas County, Texas (see Moton Aff. ¶ 21), which is located in the Northern District of Texas, see 28 U.S.C. § 124(a)(1), the Court, rather than an order of dismissal, finds it preferable and in the interest of justice to transfer the case to the Northern District of Texas, see 28 U.S.C. § 1406(a) (providing where case is filed in district in which venue is not properly laid, district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought").

Accordingly, the above-titled action is hereby TRANSFERRED to the Northern District of Texas.

**IT IS SO ORDERED.**

Dated: April 20, 2016

MAXINE M. CHESNEY
United States District Judge